IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| ORLANDO PEREZ, JR. | ) | CASE NO. 3:19-CV-01013-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| WARDEN ED SHELDON, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant, | ) | |

I.      **INTRODUCTION**

Petitioner Orlando Perez, Jr. ("Perez") seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF Docs. 1, 6). Perez, an Ohio inmate, is currently serving an aggregate prison term of 14 years for: (1) Trafficking in Cocaine in violation of O.R.C. § 2925.03(A)(1),(C)(4)(f); and (2) Trafficking in Cocaine in violation of O.R.C. § 2925.03(A)(1), (C)(4)(g). Perez asserts one ground for relief. (ECF Docs. 1,6). Respondent Warden Ed Sheldon ("Respondent") filed a return of writ. (ECF Doc. 15). Perez filed a traverse. (ECF Doc. 18).

The matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Perez's petition or other case-dispositive motions.[1]

---

[1] The matter was originally before Magistrate Judge William H. Baughman, Jr. pursuant to an automatic order of reference. Due to Magistrate Judge Baughman's retirement, this case was referred to the undersigned pursuant to General Order 2022-14.

For the reasons set forth in detail below, I RECOMMEND that the Court DISMISS and/or DENY

Perez's petition because his claim is non-cognizable, procedurally defaulted, and/or meritless.

## II.     RELEVANT FACTUAL BACKGROUND

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a

state court, factual determinations made by state courts "shall be presumed to be correct." 28

U.S.C. § 2254(e)(1); *see also Spagnola v. Horton*, No. 17-1462, 2017 WL 8948745, at *2 (6th Cir.

2017). The Ohio Court of Appeals for the Third District set forth the following facts on direct

appeal:

> {¶**1**} Defendant-appellant, Orlando Perez, Jr. ("Perez"), appeals the January 24, 2017
> judgment entry of the Defiance County Common Pleas Court imposing
> consecutive sentences after he pled guilty to two counts of trafficking in cocaine.
> For the reasons set forth below, we affirm the judgment of the trial court.

> {¶**2**} On July 21, 2016, Perez was indicted on four criminal charges in Defiance
> County: Count One, Trafficking in Cocaine, in violation of R.C.
> 2925.03(A)(1)(C)(4)(f), a felony of the first degree; Count Two, Trafficking
> in Cocaine, in violation of R.C. 2925.03(A)(1)(C)(4)(g), a felony of the first
> degree; Count Three, Trafficking in Cocaine, in violation of R.C.
> 2925.03(A)(1)(C)(4)(g), a felony of the first degree; and Count Four, Engaging
> in a Pattern of Corrupt Activity, in violation of R.C. 2923.32(A)(1)(B)(1), a
> felony of the first degree.   Major Drug Offender ("MDO") Specifications, in
> violation of R.C. 2941.1410(A) were contained in Counts Two and Three.  Count
> Three also contained Forfeiture Specifications (of money in a drug case and
> automobile in a drug case), in violation of R.C. 2941.1417(A).  (Doc 2).

> {¶**3**} At his arraignment on January 26, 2016, Perez entered a plea of not guilty
> on all charges.  (Doc. 9).  On November 23, 2016 the trial court conducted a change
> of plea hearing.  At the hearing, Perez entered pleas of guilty to Counts One and
> Three of the indictment, with the State dismissing the MDO specification in
> both counts.   (Doc. 16).  Perez also pled guilty to the Forfeiture Specification in
> Count Three.  (*Id.*)  However, the record is silent as to the dismissal of Count Two
> and Four.  The trial court accepted Perez's guilty pleas and ordered a Pre-Sentence
> Investigation.  *Id.*  A sentencing hearing was held in the trial court on January 23,
> 2017 wherein Perez was sentenced to a seven-year prison term for each count (one
> and three), with the terms to be served consecutive, for an aggregate prison term of
> fourteen years.  (Doc. 17).   Perez filed a motion for leave to file delayed notice of

appeal on July 31, 2017 and we granted that request on September 8, 2017.  Perez
appeals the sentencing entry of the trial court, filed January 24, 2017, raising
the  following sole assignment of error.

*State v. Perez*, Third District Defiance No. 16 CR 12613, 2018-Ohio-635, ¶¶1-3.

(ECF Doc. 15-2, PageID#260-61).

### III.     RELEVANT STATE PROCEDURAL HISTORY

#### A.  Trial Court Proceedings

On July 21, 2016, a Defiance County Grand Jury indicted Perez, charging him as follows:

| Count | Charge | Ohio Rev. Code | Offense Date |
|---|---|---|---|
| 1 | Trafficking in Cocaine – F1 | §2925.03(A)(1)(C)(4)(f) | On or about 2/4/16 |
| 2 | Trafficking in Cocaine – F1 | §2925.03(A)(1)(C)(4)(g) | On or about 4/30/16 |
| 3 | Trafficking in Cocaine – F1 | §2925.03(A)(1)(C)(4)(g) | On or about 7/16/16 |
| 4 | Engaging in a Pattern of Corrupt Activity – F1 | §2923.32(A)(1)(b)(1) | On or about 2/4/16 to 7/16/16 |

(ECF Doc. 15-2, PageID#126-30). Counts Two and Three also contained Major Drug Offender

Specifications, in violation of O.R.C. § 2941.1410(A). (*See id.* at 127-28). Count Three also

contained money and automobile forfeiture specifications in violation of O.R.C. § 2941.1417(A).

(*See id.* at 128).

On November 23, 2016, Perez pled guilty to Counts One and Three pursuant to a plea

agreement. In exchange for guilty pleas to Counts One and Three, the State asked that the

remaining counts and the Major Drug Offender Specifications be dismissed. (*Id.* at 131-32).

Significantly, this plea agreement did not contain a recommended sentence. (*Id.*). The trial court

ordered a Presentence Investigation Report. (*id.* at 133). On January 24, 2017, the trial court

imposed mandatory seven-year prison terms on Count One and Count 3, to be served consecutively for an aggregate prison term of 14 years. (*id.* at 135-38).

### B. Delayed Direct Appeal

On July 31, 2017, Perez, through counsel, sought a delayed appeal in the Ohio Court of Appeals, which the court allowed. (*id.* at 144, 154). Perez raised the following assignment of error:

> 1. The trial court erred in imposing consecutive seven-year prison terms for an aggregate term of fourteen years.

(*id.* at 163). Within this assignment of error, Perez argued that the trial court failed to make all the findings necessary to support consecutive sentences under O.R.C. § 2929.14. (*See id.* at 163-67). Specifically, he asserted that the trial court failed to find that the consecutive sentences were "not disproportionate to the seriousness of the offender's conduct and to the danger [Perez] pose[d] to the public" pursuant to O.R.C. § 2929.14(C)(4). (*id.* at 164). The State opposed the motion (*id.* at 204-17), and Perez filed a reply brief (*id.* at 250-55).

On February 20, 2018, the Ohio Court of Appeals for the Third District affirmed the trial court's judgment in a written opinion. *State v. Perez*, Third District Defiance No. 16 CR 12613, 2018-Ohio-635. (ECF Doc. 15-2, PageID#259-65).

### C. Ohio Supreme Court

On March 29, 2018, Perez, through counsel, appealed the Ohio Court of Appeals' decision to the Ohio Supreme Court. (*Id.* at 141-42). He asserted the following proposition of law:

> 1. A trial court must specifically address the proportionality of consecutive sentences to the seriousness of a defendant's conduct and the danger he poses to the public at the sentencing hearing before consecutive sentences can be imposed under R.C. 2929.14(C)(4).

(*Id.* at 273-78). On June 27, 2018, the Ohio Supreme Court declined jurisdiction. (*Id.* at 287).

4

### D. Post-Conviction Petition

On October 25, 2018, Perez filed a petition to vacate or set aside judgment of conviction or sentence. (*Id.* at 288-292). In support of this petition, he asserted the following claims: (1) trial counsel was constitutionally ineffective for assuring Perez and a family member that he would receive a "single digit" prison term; and (2) trial counsel was constitutionally ineffective where he failed to object, correct, and rebut inaccuracies regarding Perez's past criminal convictions that were contained in the Presentence Investigation Report. (*See id.* at 289-91). The State moved to dismiss or deny the petition, (*id.* at 298-304), and Perez filed a reply. (*Id.* at 305-311). The trial court subsequently denied Perez's petition on the basis that it was untimely and barred by the doctrine of *res judicata*. (*Id.* at 313-14). The Ohio Court of Appeals rejected Perez's untimely attempts to seek appellate review of the trial court's ruling. (*Id.* at 320-21, 330-31).

### E. Mandamus

On February 10, 20202, Perez filed a petition for a writ of mandamus in the Ohio Supreme Court against the trial court. (*Id.* at 332-37). Perez asked the Ohio Supreme Court to order the trial court to correct the trial court finding on the record that Perez pled guilty. (*Id.* at 337). He insisted that he did not actually plead guilty, but only responded "yes" to the charges. (*Id.*). On April 22, 2020, the Ohio Supreme Court denied the writ of mandamus on the basis that Perez had an adequate remedy at law. (*Id.* at 363).

## IV. FEDERAL HABEAS CORPUS PETITION

On May 6, 2019, Perez, *pro se*, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF Doc. 1). In his petition, Perez asserts a single ground for relief and supporting facts:

> **GROUND 1:** Trial Court violated Petitioner's right to Due Process and Equal Protection of the 5th, 6th, and 14th Amendments of the U.S. Constitution when it

5

failed to determine that consecutive sentences are not disproportionate to the seriousness of the Petitioner's conduct and to the danger the offender poses to the public.

**Supporting Facts:** The Ohio sentencing statutes contain two different kinds of proportionality review. The first is a general proportionality review under Ohio Rev. Code Ann. § 2929.11(B), which states that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders. The second kind of proportionality review is conducted when the court imposes consecutive sentences pursuant to Ohio Rev. Code Ann. § 29292.14(C)(4), in which the court must determine that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. It is the second proportionality the trial court failed to comply with thus violating Petitioner's constitutional right to sentencing.

(ECF Doc. 1, PageID#8-9). Perez filed a brief in support of his petition. (ECF Doc. 6).

## V.  LEGAL STANDARDS

### A.  Jurisdiction

28 U.S.C. § 2254(a) authorizes this court to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him" 28 U.S.C. § 2241(d). The Court of Common Pleas of Defiance County sentenced Perez, and the Court takes judicial notice that Defiance County is within this court's geographic jurisdiction. Accordingly, this Court has jurisdiction over petitioner's § 2254 petition.

### B.  AEDPA Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Gordon's petition for writ of habeas corpus. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). AEDPA was enacted "to reduce delays in the execution of state

and federal criminal sentences, particularly in capital cases," and "'to further the principles of comity, finality, and federalism[.]'" *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). The Act "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). It therefore "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Id.*

One of AEDPA's most significant limitations on district courts' authority to grant writs of habeas corpus is found in § 2254(d). That provision prohibits federal habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state-court decision either:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Habeas courts review the "last *explained* state-court judgment" on the federal claim at issue. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis in original). A state court has adjudicated a claim "on the merits[,]" and AEDPA deference applies, regardless of whether the state court provided little or no reasoning at all for its decision. *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

"Clearly established Federal law" for purposes of § 2254(d)(1) "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). It includes only "'the holdings, as opposed to the dicta, of [Supreme Court] decisions.'" *White v. Woodall*, 572 U.S. 415, 419 (2014)

(quoting *Howes v. Fields*, 565 U.S. 499, 505 (2012)). The state court decision need not refer to relevant Supreme Court cases or even demonstrate an awareness of them; it is sufficient that the result and reasoning are consistent with Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam). A state court does not act contrary to clearly established law when the precedent of the Supreme Court is ambiguous or nonexistent. *See, e.g., Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) (per curiam).

A state-court decision is contrary to "clearly established Federal law" under § 2254(d)(1) only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). And "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A state court's determination of fact is unreasonable under § 2254(d)(2) only if the court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). The petitioner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (quoting § 2254(e)(1)); *see also Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011). "This standard requires the federal courts to give considerable deference to state court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). The Supreme Court has cautioned, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt*, 571 U.S. at 18 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

Indeed, the Supreme Court has repeatedly emphasized that § 2254(d), as amended by AEDPA, is an intentionally demanding standard, affording great deference to state court

adjudications of federal claims. The Supreme Court has admonished that a reviewing court may not "treat[] the unreasonableness question as a test of its confidence in the result it would reach under de novo review[,]" and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."). Rather, § 2254(d) "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,'" and does not function as a "substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 102-03, *quoting Jackson*, 443 U.S. at 333 n.5 (Stevens, J., concurring in judgment). Thus, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. The Supreme Court readily acknowledges that this is a very high standard, observing that: "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102.

### C.  Exhaustion and Procedural Default

Under AEDPA, state prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus on the merits. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims."

*Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). It "does not require pursuit of a state remedy where such a pursuit is clearly futile." *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981).

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal court again looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000).

A claim is fairly presented when it has been asserted as a federal constitutional issue at every state of the state court review process. *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285 (6th Cir. 2010); *Williams*, 460 F.3d at 806.

Procedural default, however, can be excused and will not preclude consideration of a claim on federal habeas review if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law;" or (2) "failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A "fundamental miscarriage of justice" can occur only when the procedurally defaulted claim – supported by new reliable evidence not presented at trial – would establish that the

10

petitioner was "actually innocent" of the offense. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006).

### D.  Actual Innocence

In *Schlup v. Delo*, 513 U.S. 298, 314-315, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), the Supreme Court held that a habeas petitioner who makes a "colorable showing of factual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s] considered on the merits." This exception is concerned with actual— as opposed to legal—innocence and must be based on reliable evidence not presented at trial. *Schlup*, 513 U.S. at 324; *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

### E.  Cognizable Federal Claim

A petition for a writ of habeas corpus filed by a petitioner imprisoned under the judgment of a state court is governed by 28 U.S.C. § 2254(a), which permits the state prisoner to challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* To say that a petitioner's claim is not cognizable on habeas review is another way of saying that his claim "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Federal habeas corpus relief "does not lie for errors of state law[.]" *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), and the federal court is bound by the state court's interpretations of state law. *See, e.g.*, *Wainwright v. Goode*, 464 U.S. 78, 84 (1983). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing

*Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). "[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Allen*, 845 F.2d at 614 (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).

## VI.    ANALYSIS

In his sole ground of relief, Perez asserts that the trial court violated his right to due process and equal protection of the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution when it failed to determine that consecutive sentences are not disproportionate to the seriousness of the petitioner's conduct and to the danger the offender poses to the public. (ECF Doc. 6, PageID#77). Specifically, Perez contends that the trial court failed to make the required factual findings on the record before imposing consecutive sentences and argues that a finding of proportionality can be inferred from the trial court's findings. (*Id.* at 78). He asserts that O.R.C. § 2929.14(C)(4) requires that the trial court explicitly make a finding that (1) the consecutive sentence is "necessary to protect the public from future crime or to punish the offender"; and (2) that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." (*id.*). Because the trial court did not explicitly make the statutory findings regarding the danger Perez posed to the public, Perez asserts that his due process and equal protection rights were violated. (*id.* at 79-81).

Respondent asserts that Perez's claim must be denied for the following reasons. First, Respondent argues that Perez's claim is non-cognizable for federal habeas review because his claim deals with state sentencing, which does not give rise to a federal constitutional claim. (*See* ECF Doc. 15, PageID#112-13). Respondent also states that Perez's "characterization of the state court's application of the sentencing statutes as a denial of due process or equal protection" does not convert his state law claim to a federal constitutional issue. (*Id.* at 112). Next, Respondent

maintains that Perez's claim is procedurally defaulted because he failed to fairly present his sentencing claim as a federal issue in his direct appeal to the Ohio appellate courts. (*See id.* at 113-19). Specifically, Respondent asserts that Perez merely relied upon Ohio statutes and decisional law and failed to include any reference to the U.S. Constitution. (*id.* at 119). Additionally, Respondent argues that Perez's claim lacks merit because the federal court is bound by the state court's interpretation of its own law on consecutive sentencing. (*id.* at 120). Finally, to the extent that Perez alleged that the Equal Protection Clause provides a basis for habeas relief, Respondent rejects this assertion and contends that the cases cited by Perez in support of his proposition are wholly distinguishable from the instant case. (*id.* at 120-21).

### A. Cognizability

Perez's Ground One claim challenging his sentencing is not cognizable for federal habeas review. Although Perez refers to his constitutional rights of due process and equal protection, as well as the constitutional protection against *ex post facto* laws, his claim does not present a federal question because it plainly hinges on a matter relating to state sentencing. This is not a cognizable federal issue. Indeed, it is well established that, in conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68. As a result, the Supreme Court has recognized that "it is not the province of a federal habeas court to reexamine state-court decisions on state-law questions." *Id.* at 67-68. *See also Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007). And courts have consistently held that a habeas petitioner cannot challenge the interpretation and application of Ohio's sentencing laws because "a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action." *Croce v. Miller*, No. 1:15-cv-1758, 2017 WL 3394046, at *22 (N.D. Ohio July 12, 2017) (collecting cases). Moreover, as even Perez

acknowledges in his brief in support of his habeas petition, courts have consistently held that "[n]o federal constitutional issue is presented where…the sentence is within the range prescribed by state law." *Mahan v. Bunting*, No. 1:13-CV-00165, 2014 WL 153444, at *18 (N.D. Ohio Feb. 3, 2014) (collecting cases).

Nor does Perez's invocation of the phrases "due process" and "equal protection" transform the substance of his claim into a federal constitutional claim. *Austin v. Jackson*, 313 F.3d 298, 301 (6th Cir. 2000); *Lowe v. Hudson*, No. 5:04CV1536, 2007 WL 3072006, at *6 (N.D. Ohio Oct. 19, 2007) ("Petitioner's attempt in the instant petition to couch his claim as a violation of his constitutional right to due process does not change its substance."); *Brown v. Harris*, No. 3:17-CV-080, 2018 WL 1629103, at *15 (S.D. Ohio Apr. 5, 2018) ("Merely putting a constitutional label such as denial of due process or equal protection on a state law claim does not elevate it to the status of a claim cognizable in habeas corpus."); *Abshear v. Moore*, 546 F.Supp.2d 530, 537 (S.D. Ohio Mar. 3, 2008) ("Merely using talismanic constitutional phrases like…"due process of law" does not constitute raising a federal constitutional issue.") (collecting cases); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (finding that habeas corpus review is unavailable when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process.").

Here, Perez's sole ground for relief is that the trial court violated his right to due process and equal protection under the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution. Yet, despite Perez's attempt re-cast his state law claim by putting a federal constitutional label such as "due process" and "equal protection," it is clear that the entirety of his claim is premised on an argument that the trial court erred in imposing consecutive sentences under O.R.C. § 2929.14(C)(4), a *state law sentencing issue*. (*See* ECF Doc. 6, PageID#78-81). Indeed, on direct

14

appeal Perez presented the *same* state law issue, without any reference to "due process" and "equal protection.". (*See* ECF Doc. 15-2, PageID#163-67). The state appellate court addressed this state-law issue and rejected Perez's argument. (*Id.* at 280-86). While the state appellate court acknowledged that the trial court did not recite the exact phrase contained in the sentencing statute, the state appellate court still determined that the trial court's findings for imposing consecutive sentences were sufficient. (*See id.* at 283-86). Finally, Perez confined his analysis to state law sentencing issues in his appeal to the Ohio Supreme Court. (*See id.* at 273-78). Simply put, Perez has failed to point to any federal constitutional cases in either his petition or traverse in support of his position that the Ohio Court of Appeals' decision was wrong. Accordingly, I RECOMMEND that the Court DENY Perez's Ground One claim as non-cognizable.

### B.  Procedural Default

Perez's Ground One claim is also procedurally defaulted because he failed to fairly present his claim at all levels of the state court as a federal issue. Perez asserts that "[w]hen [he] called out what he rightfully believes is a violation of his "right(s) to due process under the fundamental fairness doctrine under the 14th Amendment as well as the 8th Amendment that is a clear claim to a federal constitutional violation." (ECF Doc. 18, PageID#416). Yet, Perez fails to acknowledge that he raised this argument for the first time in his federal habeas petition, *not* in his direct appeal to the Ohio Court of Appeals or the Ohio Supreme Court. Indeed, a review of the record makes clear that Perez never raised federal due process issues and failed to present the federal constitutional nature of his claim at every level of the state court. Rather, Perez confined his analysis to issues regarding the sentencing factors under the Ohio Revised Code, a state law issue. Perez's direct appeal failed to: (1) rely upon federal cases employing constitutional analysis; (2) rely upon state cases employing federal constitutional analysis; (3) phrase his claim in terms of

15

constitutional law or int terms sufficiently particular to allege a denial of a specific constitutional right; and (4) allege facts well within the mainstream of constitutional law. *Williams v. Anderson*, 460 F.3d at 806 ("To fairly present a claim to a state court, a petitioner … must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.") (citation omitted and quotation marks omitted). Thus, in sum, Perez had presented his claim as a *state law* issue - not a federal issue - throughout his direct appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *See Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition.").

Moreover, Perez has failed to establish cause and prejudice to excuse the procedural default of his claim. "[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citations omitted). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Instead, to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). Perez asserted in his petition that "he…complied with all procedur[al] rules in place and in a timely fashion, thus he is not procedurally defaulted his claims and the court should entertain the merits herein." (ECF Doc. 6, PageID#75). However, he reverses this stance in his traverse and places blame for his procedural default on the Ohio Department of Corrections for their alleged failure to put in place at least one legal clerk in his institution's law library, citing state case law cases in support of this proposition. (*See* ECF Doc. 18, PageID#418-19). He also alleges that his counsel were ineffective because they

16

"misuse[d] legal word(s), term(s), or phrase(s) in defense of their client which result[ed] in their client's conviction." (*See id.* at 415). With respect to prejudice, he asserts that he was "prejudiced, by way of [the sentencing judge's] abandonment of performance of a mandatory duty." *(Id.* at 416 (citing *U.S. v. Frady*, 456 U.S. 152, 170 (1982)).

Perez's arguments to establish cause are not well-taken.[2] With respect to his assertion regarding the absence of a legal clerk in the prison library, Perez attempts to establish cause based on an argument that his prison's resources were so inadequate that it was impossible for him to access the courts and raise his claims. *Doliboa v. Warden U.S. Penitentiary Terre Haute*, 503 Fed. App'x 358, 360 (6th Cir. Oct. 29, 2012) (citing *Jones v. Armstrong*, 367 Fed. App'x 256, 258 (2d Cir. 2010). Perez points to no federal case law that this argument would serve to establish cause to excuse procedural default; instead, he relies on a string citation to state case law. And nowhere is there any evidence in the record to even suggest that the unavailability of a legal clerk in his prison library prevented Perez from fairly presenting his federal claims to both the Ohio Court of Appeals and the Ohio Supreme Court - especially where he was represented by *appellate counsel*, not himself, during his appeals process. (*See* ECF Doc. 15-2, PageID#155,168). *See Doliboa v. Warden*, 503 F. App'x 358, 360 (6th Cir. 2012) (noting that the petitioner failed to explain how the lack of access to legal materials prevented him from advancing "the very arguments that his former counsel articulated—and supported with case law—in [petitioner's] intermediate appeal to the Ohio Court of Appeals" in finding that

---

[2]  Perez has likely forfeited his right to raise this new argument regarding cause and prejudice to excuse procedural default because he wholly failed to address this issue in his federal habeas petition. Indeed, he asserted that he *did not* procedurally default in his habeas petition and now attempts to address cause and prejudice for his procedural default is in his traverse. (*See generally* ECF Docs. 1, 6, 18). "New issues may not be raised in the traverse." *Makin v. Wainwright*, No. 1-18-cv-01521-JRK, 2021 WL 5762821, at*14 (N.D. Ohio July 19, 2021); *McClendon v. Wainwright*, No. 1:17 CV 0589, 2018 WL 7982929, at *3 (N.D. Ohio Nov. 13, 2018), *report and recommendation adopted*, No. 1:17 CV 589, 2019 WL 1558739 (N.D. Ohio Apr. 10, 2019) (citing *Burns v. Lafler*, 328 F.Supp.2d 711, 724 (E.D. Mich. 2004) (citation omitted) ("[A] court cannot consider new issues raised in a traverse or reply to the State's answer.").

petitioner failed to establish cause); *Levy v. Ohio*, No. 1:06-CV-237, 2008 WL 339480, at \*15 (N.D. Ohio Feb. 6, 2008) (finding petitioner's complaint that he lacked access to Ohio legal materials while in federal prison insufficient to show cause to excuse procedural default where, among other things, the underlying legal research supporting his claims—through counsel—on direct appeal had already been performed). And even if Perez was not represented by counsel during the appeal process, courts have repeatedly held that a petitioner's *pro se* incarcerated status, limited access to the prison law library, or ignorance of the law and state procedural requirements do not constitute cause sufficient to excuse a procedural default. *See, e.g.*, *Bonilla*, 370 F.3d at 498 (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995); *Crosby v. Warden, London Correctional Facility*, No. 1:12-cv-523, 2013 WL 5963136, at \*5 n.2 (S.D. Ohio Nov. 7, 2013) (same). Accordingly, I find that Perez's assertion regarding denial of access lacks merit.

Further, Perez cannot assert ineffective assistance of appellate counsel as cause to excuse his procedural default. (*See* ECF Doc. 18, PageID#415). Perez has waived his ineffective assistance of appellate counsel claim by failing to file a timely appeal in Rule 26(B) proceedings. Thus, such a claim could not serve as "cause" for his procedural default. *Edwards*, 529 U.S. at 452 ("A claim of ineffective assistance…generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotations and citations omitted). Perez has not offered any other alternative cause to excuse procedural default. Because Perez failed to establish cause, it is unnecessary to consider whether he has shown prejudice. *Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir. 2007) ("The cause-and-prejudice analysis is a conjunctive one, requiring a petitioner to satisfy both prongs to excuse a procedural default."). And he cannot overcome his procedural default through the miscarriage-of-

18

Case: 3:19-cv-01013-JRA Doc #: 26 Filed: 11/03/22 19 of 23. PageID #: 474

justice exception because he has not presented new, reliable evidence of his actual innocence in connection with this claim. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (Actual innocence means "factual innocence, not mere legal insufficiency."). Accordingly, I RECOMMEND that the Court DENY and/or DISMISS this claim because Perez's Ground One claim is procedurally defaulted.

### C. Merits

Yet even if Perez's claim was not procedurally defaulted, it should still be rejected because it lacks merit. The Ohio Court of Appeals reasonably determined on Perez's direct appeal that his claim regarding the trial court's failure to address the proportionality of consecutive sentences before imposing his consecutive sentences lacked merit and dismissed his appeal. *State v. Perez*, Third District Defiance No. 16 CR 12613, 2018-Ohio-635, ¶¶4-11. Habeas courts review the "last *explained* state-court judgment" on the federal claim at issue. *Ylst*, 501 U.S. at 805 (emphasis original). A state court has adjudicated a claim "on the merits," and AEDPA deference applies, regardless of whether the state court provided little or no reasoning at all for its decision. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Here, the Ohio Court of Appeals held that the trial court's findings at Perez's sentencing hearing that he: (1) was a major drug trafficker; (2) had an extensive criminal history; and (3) presented a danger to the public were "synonymous to findings that 'consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.'" (ECF Doc. 15-2, PageID#264). The state appellate court's decision is entitled to AEDPA deference. That is so because it was not contrary to, or an unreasonably application of, clearly established federal law, as determined by the Supreme Court of the United States. Nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, in addition to

my recommendations that Ground One be dismissed as non-cognizable and procedurally defaulted, I also recommend that the Court find that Ground One lacks merit.

To the extent that Perez attempts to raise an Equal Protection challenge, this claim should be rejected. Under the Equal Protection Clause of the Fourteenth Amendment, no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause prohibits states from making distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similar situated without any rational basis for the difference." *Wilson v. Morgan*, 477 F.3d 326, 333 (6th Cir. 2007) (internal quotation marks omitted). Here, Perez conclusorily asserts in his petition that he "can find relief under the [E]qual [P]rotection [C]lause of the [F]ourteenth [A]mendment" but fails to provide any explanation or analysis regarding how his citation to state case law supports an Equal Protection claim. (*See* ECF Doc. 6, PageID#80-81). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

Moreover, Respondent's argument that the state case law cited by Perez in support of his Equal Protection claim is distinguishable is well-taken. For example, Respondent points out that in *State v. Gonzales*, No. 106760, 2018 Ohio App. LEXIS 5199 (Ohio Ct. App. Dec. 6, 2018), the trial court did not find that consecutive sentences were necessary to protect the public from future crime or punish the offenders, and there was nothing in the record to indicate that the trial court considered the proportionality issue. Here, although the trial court did not explicitly make a proportionality finding, the Ohio Court of Appeals determined that the trial court's findings were "synonymous to findings that 'consecutive sentences are not disproportionate to the seriousness of

20

the offender's conduct and to the danger the offender poses to the public.'" (ECF Doc. 15-2, PageID#264). Perez has not offered any colorable argument that the Ohio Court of Appeals' finding was an unreasonable determination of the facts or an unreasonable application of federal law.

Accordingly, I also recommend that the Court deny and/or dismiss Perez's Ground One claim because it lacks merit.

## VII.    RECOMMENDATION REGARDING CERTIFICATE OF APPEALABILITY

### A.  Legal Standard

As amended by AEDPA, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "[a] 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)).  The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

21

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.*; *see also* 28 U.S.C. § 2253(c)(3) ("The certificate of appealability under [§ 2253(c)(1)] shall indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2)]."). In light of the Rule 11 requirement that the court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

### B.  Analysis

Perez's sole claim for relief is non-cognizable, procedurally defaulted, and/or meritless. Because jurists of reason would not find any of these conclusions to be debatable, I recommend that this Court decline to issue a Certificate of Appealabity in this case.

## VIII.  RECOMMENDATION

Because Perez has presented only a procedurally defaulted, meritless, or non-cognizable claim, I RECOMMEND that the Court DISMISS and/or DENY his petition for writ of habeas corpus under 28 U.S.C. § 2254 and not grant a Certificate of Appealability.

## IX.  NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings,

recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).

Dated: November 3, 2022

_s/ Jennifer Dowdell Armstrong_
Jennifer Dowdell Armstrong
United States Magistrate Judge